Tamara **HARUTYUNYAN**; Lolit Yingonian, Petitioners,

v.

Alberto **GONZALES**,* Attorney General, Respondent.

No. 04–73345.

Agency Nos. A95–291–823, A95–291–824.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 17, 2005.

Marjan H. Bahmani, Esq., Law Offices of Marjan H. Bahmani, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Papu Sandhu, Shahira M. Tadross, U.S. Department of Justice Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Tamara Harutyunyan, a native of Azerbaijan and citizen of Armenia, and her daughter, Lolit Yingonian, a native and

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

citizen of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and reverse only if the evidence compels a contrary conclusion. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We review due process challenges de novo. *Salgado–Diaz v. Ashcroft*, 395 F.3d 1158, 1162 (9th Cir.2005). We deny the petition.

Substantial evidence supports the IJ's denial of asylum. Being detained for one day by police and assaulted a month later on the street does not rise to the level of persecution on account of an enumerated ground. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (finding no persecution or well-founded fear of persecution where alien was stopped at a roadblock, detained for four to six hours, hit in the stomach, kicked, and the opposing ethnic group pelted his house with stones and attempted to steal property).

Because petitioners failed to demonstrate that they are eligible for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

In addition, petitioners do not establish a CAT claim because they fail to demonstrate that it is more likely than not that they would be tortured if returned to Armenia. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

Finally, petitioners fail to establish a due process claim based on the IJ's questioning during the merits hearing. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir.2003).

PETITION FOR REVIEW DENIED.